Kevin M. Hayes, OSB #012801
Email: kevin.hayes@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: 503-595-5300

*Attorney for Plaintiff*
MELANIE JENKINSON

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MELANIE JENKINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>TRAILFORK, INC.,<br><br>    Defendant. | Case No.: 3:19-cv-00888<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Melanie Jenkinson, through her attorney, alleges the following:

## SUMMARY

1.   Plaintiff is an individual Oregon resident doing business as Trail Forked.

2.   Plaintiff began providing information about preparing backpacking meals at least as early as 2013 under trademarks TRAIL FORKED and TRAIL|FORKED (the TRAIL FORKED mark and logo) and has, since then, continuously offered recipes for backpacking under the TRAIL FORKED mark and logo.

3. Plaintiff also uses the trademark T|F in connection with providing information about preparing backpacking meals. (TRAIL FORKED, TRAIL|FORKED and T|F referred to herein as the Trail Forked Trademarks).

4. Plaintiff has provided information about preparing backpacking meals under the marks shown above throughout Oregon and other states.

5. Defendant began using TRAILFORK and [logo] for packaged backpacking meals relatively recently.

6. Defendant also offers information and instruction for preparing backpacking meals in connection with TRAILFORK and [logo].

7. Defendant stopped many uses of [logo] after Plaintiff contacted it in March 2019, but use remains on Defendant's website at www.mytrailfork as of May 30, 2019, as shown in Exhibit 2.

8. Defendant's use of TRAILFORK and [logo] for packaged backpacking meals is causing confusion in the marketplace with Plaintiff's prior trademarks TRAIL FORKED and TRAIL|FORKED and T|F for its services of providing recipes for backpacking.

9. Plaintiff has at least twice requested Defendant to stop using the TRAILFORK trademark but, Defendant has not agreed to stop.

10. Thus, Plaintiff brings this action for trademark infringement and unfair competition. By this action, Plaintiff seeks to prevent Defendant from using TRAILFORK and

in connection with packaged backpacking meals and seeks: (a) damages arising from Defendant's past and present infringement of Plaintiff's trademark rights; (b) damages arising from Defendant's use and registration of the domain name mytrailfork.com and a transfer of the domain name to Plaintiff; (c) injunctive relief against Defendant's continued infringement; (d) enhanced damages; and (e) reimbursement of Plaintiff's attorney fees and costs incurred in connection with its efforts to protect its intellectual property rights.

## THE PARTIES

11.Plaintiff, Melanie Jenkinson, is an individual resident of the State of Oregon doing business as TrailForked, with a principal place of business in Aloha, Oregon.

12.Defendant, TrailFork, Inc., is a Delaware Corporation with a principal office at 1960 Edgewood Drive, Boulder, CO 80304, CO, United States.

## JURISDICTION AND VENUE

13.This Court has jurisdiction over the subject matter of this action because this action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127, jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  Supplemental jurisdiction over the causes of action under Oregon state law is proper as those causes of action are substantially related to the causes of action over which the Court has original jurisdiction, pursuant to 28 U.S.C. §§ 1338(b) and 1367.

14.Venue is proper under 28 U.S.C. §§ 1391(b).  Defendant is transacting business within this judicial district and has committed acts complained of herein in this judicial district.  In this regard:

a.  Defendant's store locator regarding its sales of TRAILFORK marked merchandise at https://mytrailfork.com/store-locator/ lists stores in Portland and Tigard.

b.  On information and belief, Defendant controls the website at www.mytrailfork.com through which it advertises its TRAILFORK branded packaged food to consumers in Oregon.

## PLAINTIFF'S TRADEMARKS

15. Plaintiff began providing information about preparing backpacking meals since at least as early as 2013 under trademarks TRAIL FORKED and [TRAIL FORKED logo] and has, since then, continuously offered recipes for backpacking under the TRAIL FORKED mark and logo

16. A copy of a page from Plaintiff's website archived by the Internet Archive Wayback Machine from July 1, 2013, is attached as Exhibit 1.

17. Plaintiff also uses the trademark T|F in connection with providing information about preparing backpacking meals.

18. Plaintiff has intended to expand into offering packaged food in connection with its TRAIL FORKED mark and logo and (the TRAIL FORKED mark and logo)

19. Providing packaged food is a usual zone of expansion for the services offered by Plaintiff under the TRAIL FORKED mark and logo.

20. In that regard, many entities offer both information about preparing meals and packaged food.

21. Further many entities have begun offering information about preparing meals and then began offering packaged food.

COMPLAINT FOR TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION                                                                 4

22. Plaintiff's use of the trademarks TRAIL FORKED and TRAIL|FORKED and T|F in connection with its services has caused the trademarks TRAIL FORKED and TRAIL|FORKED and T|F to become Plaintiff's trademark wherever it has used its trademarks.

### DEFENDANT'S INFRINGEMENT

23. On information and belief, Defendant, incorporated in 2017.

24. On information and belief, Defendant, began offering TRAILFORK marked packaged meals in 2018.

25. Sometime between early 2018 and now, Defendant began offering TRAILFORK marked packaged meals in Portland and Tigard, Oregon, at retailers such as REI.

26. Defendant advertises its products through the website corresponding to the domain name mytrailfork.com. That website is available to consumers in Oregon.

27. Defendant registered the domain name mytrailfork.com on May 15, 2017. The corresponding website is available to consumers in Oregon.

28. Defendant offers backpacking food recipes and food preparation instruction from the website corresponding to the domain name mytrailfork.com.

29. An example of this is available at https://mytrailfork.com/blog/camping-food-hacks-by-trailfork-cc9872/ and is shown in Exhibit 2.

30. Defendant uses the mark T|F on the website corresponding to the domain name mytrailfork.com as shown in Exhibit 3.

31. Defendant uses the mark T|F in connection with packaged meals.

32.  Defendant uses the mark [T|F logo] in connection with backpacking food recipes and food preparation instruction.

33.  The mark [T|F logo] includes the letters T and F separated by a fork.

34.  Plaintiff wrote to Defendant on April 3, 2019, asking it to stop using TRAILFORK.

35.  Plaintiff wrote to Defendant on April 18, 2019, asking it to stop using TRAILFORK.

36.  Defendant has not agreed to stop using TRAILFORK.

37.  Defendant's use of TRAILFORK causes irreparable damage to Plaintiff at least in that the goodwill in Plaintiff's Trail Forked Trademarks is being diminished.

38.  Despite being aware of Plaintiff's Trail Forked Trademarks, Defendant has continued to use TRAILFORK.

39.  Defendant's continued use of TRAILFORK and/or the mark [T|F logo] is likely to cause further damage to Plaintiff's goodwill in its trademarks and lost sales due to confused consumers.

40.  Defendant's continued use of TRAILFORK and/or the mark [T|F logo] despite its awareness of Plaintiff's Trail Forked Trademarks is extraordinary.

## CLAIM ONE

### FEDERAL UNFAIR COMPETITION THROUGH USE OF TRAILFORK

41.  Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

42. Federal Law prohibits a person from the use in commerce of any word, term, name, symbol, or device, or combination thereof that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person. 15 U.S.C. § 1125(a)(1).

43. Defendant uses TRAILFORK in connection with the sale, offering for sale, distribution, or advertising of packaged meals and information regarding preparing backpacking meals, in commerce.

44. TRAILFORK is virtually identical to Plaintiff's trademark TRAILFORKED.

45. Defendant's use of TRAILFORK causes irreparable damage to Plaintiff at least in that the goodwill in Plaintiff's Trail Forked Trademarks is diminished.

46. Despite being aware of Plaintiff's Trail Forked Trademarks, Defendant has continued to use TRAILFORK.

47. Defendant's continued use of TRAILFORK is likely to cause further damage to Plaintiff's goodwill in its trademarks and lost sales due to confused consumers.

48. Defendant's continued use of TRAILFORK despite its awareness of Plaintiff's trademarks is extraordinary.

## CLAIM TWO

## FEDERAL UNFAIR COMPETITION THROUGH USE OF [TF logo]

49. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

50. Federal Law prohibits a person from the use in commerce of any word, term, name, symbol, or device, or combination thereof that is likely to cause confusion, or to cause

mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person. 15 U.S.C. § 1125(a)(1).

51. [mark] and T|F look and sound virtually identical.

52. [mark] and T|F both include the letters T and F separated by a fork.

53. [mark] and T|F are used by the Parties in connection with related goods and services.

54. Defendant's use of [mark] causes irreparable damage to Plaintiff at least in that the goodwill in Plaintiff's T|F mark is diminished.

55. Despite being aware of Plaintiff's T|F trademark, Defendant has continued to use [mark].

56. Defendant's continued use of [mark] is likely to cause further damage to Plaintiff's goodwill in its T|F trademark and lost sales due to confused consumers.

57. Defendant's continued to use of [mark] despite its awareness of Plaintiff's T|F trademark is extraordinary.

58. Defendant's use of [mark] violates Plaintiff's rights in its T|F under 15 U.S.C. § 1125(a)(1).

COMPLAINT FOR TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION                                                                 8

## CLAIM THREE

### OREGON STATE TRADEMARK INFRINGEMENT THROUGH USE OF TRAILFORK

59. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

60. Defendant's use of TRAILFORK is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff.

61. Defendant's use of TRAILFORK causes irreparable damage to Plaintiff at least in that the goodwill in Plaintiff's TRAILFORKED mark is diminished.

62. Despite being aware of Plaintiff's TRAILFORKED trademark, Defendant has continued to use TRAILFORK.

63. Defendant's continued use of TRAILFORK is likely to cause further damage to Plaintiff's goodwill in its trademark and lost sales due to confused consumers.

64. Defendant's continued use of TRAILFORK despite its awareness of Plaintiff's trademarks is extraordinary.

65. The acts of Defendant constitute trademark infringement in violation Oregon common law.

## CLAIM FOUR

### OREGON STATE TRADEMARK INFRINGEMENT THROUGH USE OF T|F

66. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

67. Defendant's use of T|F causes irreparable damage to Plaintiff at least in that the goodwill in Plaintiff's T|F trademark is being diminished.

68. Despite being aware of Plaintiff's T|F trademark, Defendant has continued to use T|F.

69. Defendant's continued use of T|F is likely to cause further damage to Plaintiff's goodwill in its T|F trademark and lost sales due to confused consumers.

70. Defendant's continued use of T|F despite its awareness of Plaintiff's T|F trademark is extraordinary.

71. The acts of Defendant constitute trademark infringement in violation Oregon common law.

## DEMAND FOR JURY TRIAL

72. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury on all issues properly triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. The Court find that Plaintiff owns valid and subsisting rights in each of the Trail Forked Trademarks.

B. Defendant be held liable under each claim set forth in this Complaint;

C. Defendant's trademark infringement be found exceptional;

D. The Court grant a permanent injunction against Defendant enjoining it and its agents, servants, employees, attorneys, and all other persons in active concert or participation with it (including subsidiaries and affiliates) from using:

COMPLAINT FOR TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION                                                  10

      a.    TRAILFORK (however spelled or punctuated, whether capitalized, abbreviated, singular or plural, printed of stylized, whether alone or with any other word(s), punctuation or symbol(s), and whether used in caption, text, orally, or otherwise), or any other reproduction, counterfeit, copy, colorable imitation, or confusingly similar variation of the TRAIL FORKED trademark as a trademark or service trademark, trade name, business name, domain name, or in advertising, distribution, sale, or offering for sale of any food product or service and from doing any other act that would likely cause confusion that Plaintiff is the source or, or sponsor of, Defendant's goods, services, business, or commercial activities;

      b.    [T/F fork design] or any other design including the letters T and F separated by a fork;

E.    The Court Order as part of the injunction and pursuant to 15 U.S.C. § 1116(a) that Defendant file with the Court and serve on Plaintiff within 30 days after service on the Defendant of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

F.    Defendant be required to pay to Plaintiff compensatory damages as a result of Defendant's actions, together with interest and costs, including enhanced damages;

G.    Defendant be required to pay to Plaintiff profits made in connection with its use of the Trail Fork Trademarks.

COMPLAINT FOR TRADEMARK
INFRINGEMENT AND UNFAIR COMPETITION                                11

H. Defendant be required to pay Plaintiff damages in an amount to be determined at trial to allow Plaintiff to make corrective advertising;

I. Defendant be required to transfer the domain name www.mytrailfork.com to Plaintiff along with any other domain name that includes the words "trail" and "fork";

J. Defendant be required to pay Plaintiff its costs, disbursements, and reasonable attorneys' fees incurred in this action, together with interest, including prejudgment interest, pursuant at least to 15 U.S.C. § 1117(a), and the equity powers of this Court; and

K. Such other and further relief as may be deemed just and appropriate.

Respectfully submitted,

Dated: June 6, 2019        By:    *s/Kevin M. Hayes*
                                   Kevin M. Hayes, OSB #012801
                                   Email: kevin.hayes@klarquist.com
                                   KLARQUIST SPARKMAN, LLP

                                   *Attorney for Plaintiff*
                                   MELANIE JENKINSON